C. M. TYLER V. THE STATE.

No. 22672. Delivered December 15, 1943.

The opinion states the case.

*W. E. Martin,* of Abilene, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

GRAVES, Judge.

Appellant was convicted of a violation of the liquor laws of Taylor County. It was also alleged in the pleadings that he had been twice before convicted of like offenses. The jury awarded him a verdict of six months in the county jail, hence this appeal.

The two room house of appellant was searched by Liquor Control Board agents, and concealed in divers places there were

found ten pints of whisky, some of it under the bed, some between mattresses, some in the dresser, and some in the kitchen cabinet. While the officers were making the search appellant, who was not at home at the beginning of the search, drove up to the house in company with a companion, and immediately drove away, but was followed by the officers. The State used two officers alone as witnesses, whose testimony was substantially as above. Appellant's wife then took the stand in his behalf and testified that she lived with him, and they had six children, the oldest ten years old. That her husband had in the past engaged in selling whisky, but that he had quit, and had been working for the sanitary department of the City of Abilene, and also for Mr. Simpson, who was the companion with him when he drove up at the time of the search. Having a large family, and very meager wages to support them, she, the wife, in order to help support the family, made an arrangement with a Yellow taxicab driver, whose name she did not know, to bring his passengers who desired whisky to her home and she would deliver to them the whisky, and she and the taxicab driver would divide the profits; that her husband knew nothing about this arrangement, nor did he know the whisky was in the house. It was her whisky. The defense offered no further testimony.

There is but one bill of exceptions in the record and it relates to a remark of the county attorney in his address to the jury. It appears that appellant exercised his right of remaining silent during the taking of testimony in the case and did not take witness stand. The following remark was made by the county attorney while addressing the jury: "I don't know how much whisky he had down there; I don't even know whether the officers found all the whisky he had down there or not; he could tell you."

This remark is claimed to be a reference to appellant's failure to testify, and we think such is a direct comment thereon. See Art. 710, C. C. P., and Branch's Penal Code, p. 209, Sec. 375.

The judgment is reversed and the cause remanded.